The order below is hereby signed.

Signed: December 12 2022



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | Case No. 19-00149-ELG |
| **THOMAS K STEPHENSON,**<br>Debtor. | Chapter 7 |
| **DISTRICT OF COLUMBIA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS K STEPHENSON,**<br>Defendant. | Adv. Pro. 21-10002-ELG |
| **KAREN A. BOWER,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS K STEPHENSON,**<br>Defendant. | Adv. Pro. 21-10003-ELG |

1

**MEMORANDUM DECISION**

The Court has before it the fully briefed *Defendant's Motion for Summary Judgment or Partial Summary Judgment* (the "Motion"),[1] *Bower*, Def.'s Mot., ECF No. 70; *Dist.*, Def.'s Mot., ECF No. 50, filed by Thomas K. Stephenson (the "Debtor") in opposition to both the *Complaint to Deny Discharge of Debtor and Complaint to Determine Debt to be Non-Dischargeable* filed by Karen A. Bower ("Ms. Bower"), *Bower*, Compl., ECF No. 1, and the *Complaint to Deny Discharge of Debtor* filed by the District of Columbia (the "District"). *Dist.*, Compl., ECF No. 1 (collectively the "Complaints"). Prior to the filing of the Debtor's Motion, the Court dismissed the counts of Ms. Bower's complaint that sought to determine certain debts to be non-dischargeable, leaving the only issues remaining in these cases the Plaintiffs' claims under sections of 11 U.S.C. § 727.[2]

These cases present an issue of first impression for this Court, whether, in an individual case converted to chapter 7 after confirmation of a chapter 11 plan but prior to the effective date of the plan or the entry of a chapter 11 discharge, the doctrine of res judicata bars the reliance on pre-confirmation acts or omissions in support of a complaint objecting to the individual debtor's chapter 7 discharge. As more fully set forth herein, the Court finds that res judicata does not apply, and the Plaintiffs are not prohibited from relying on acts or omissions that occurred prior to plan confirmation in support of the relief requested under § 727(a)(2), (a)(3), (a)(4), and/or (a)(5). In finding that res judicata is not applicable to the allegations of facts from the pre-confirmation time frame, a genuine issue of fact exists as to the Plaintiffs allegations under § 727(a)(4). Thus, as set forth in more detail below, the Court finds that summary judgment is inappropriate and denies the

---

[1] Citations to the docket for adversary proceeding Case No. 21-10003-ELG will be referred to as "*Bower*, document title, ECF No." Citations to the docket for adversary proceeding Case No. 21-10002-ELG will be referred to as "*Dist.*, document title, ECF No." Since the Motion and subsequent Reply were filed in both cases, citations to the Motion and Reply will be to the *Bower* docket.

[2] Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). All section references herein shall be the Bankruptcy Code unless specifically stated otherwise.

2

Motion.

## I. Relevant Background

### i. *The Superior Court Case*

Prior to filing this Case, the Debtor owned and operated several real properties, some of which were rental residential housing accommodations located in the District of Columbia. *Dist.*, Compl. ¶¶ 3-4, ECF No. 1-1; *Dist.*, Debtor's Answer ¶¶ 3-4, ECF No. 26. In June 2018, the District of Columbia (the "District") commenced a lawsuit against the Debtor in the Superior Court for the District of Columbia seeking to hold him liable for the alleged sub-standard condition of the District of Columbia rental properties (the "DC Properties").[3] *Dist.*, Compl. ¶ 6; *Dist.*, Def.'s Answer ¶ 4. A preliminary injunction order was issued in October 2018 requiring the Debtor to abate certain housing and other code violations in the DC Properties. *Dist.*, Compl. ¶ 8.

In January 2019, upon the motion of the District, a contempt order was entered against the Debtor for failure to comply with the preliminary injunction order, and Ms. Bower was appointed as receiver for the DC Properties under D.C. Code § 42-3651.06. *Bower*, Compl. EX. 1 Order Appointing Receiver, ECF No. 1-3. As receiver for the properties, Ms. Bower was charged with abating the housing violations and provided with sole authority to collect rents from tenants. *Dist.*, Compl. ¶ 11, ECF No. 1; *Dist.*, Def.'s Answer ¶ 11, ECF No. 26. From February 2019 to June 2019, in connection with her duties, Ms. Bower filed a series of reports with the District of Columbia Superior Court alleging multiple violations of the Superior Court's orders including that the Debtor failed to provide Ms. Bower with accurate records, continued to collect rents and not remit them to Ms. Bower, and failed to reimburse Ms. Bower and pay her fees. *Dist.*, Compl. ¶¶

---

[3] The pleadings, orders, and findings of the Superior Court as to the Debtor's properties were extensive and detailed. The description herein is not intended as a comprehensive discussion of the Superior Court proceedings, but instead a general summary of the relevant pre- and post-petition procedural history.

12-16, *Dist*., Def.'s Answer ¶¶ 12-16. As a result, on June 7, 2019, the Superior Court appointed an auditor master (the "Auditor") to determine the Debtor's income and expenses related to the DC Properties from December 2018 to July 2019.[4] *Dist.*, Compl. ¶ 16. On November 4, 2020, the Auditor issued a final report (the "Auditor's Final Report") finding, in part, that during the applicable review period the Debtor received over $165,000 in rental income, that he failed to account for over $146,000 of such funds, that he sparsely documented expenses, and that he failed to maintain contemporaneous records and receipts for his expenditures. *Id*. at ¶¶ 42-43.

    ii.    *The Debtor's Bankruptcy Cases*

In January 2019, after the appointment of Ms. Bower, the Debtor filed a chapter 13 petition which was subsequently dismissed on the chapter 13 trustee's motion because he was over the statutory debt limits for chapter 13 in effect at the time. *See generally In re Stephenson*, Case No. 19-00043-SMT. Shortly thereafter, on March 3, 2019, the Debtor commenced this Case under chapter 11 of the Bankruptcy Code. *In re Stephenson*, Case No. 19-00149-ELG, Chapter 11 Vol. Pet., ECF No. 1.[5] On March 19, 2019, the Court issued its Official Form 309E Notice of Chapter 11 Bankruptcy Case, which stated that the deadline for filing objections to the discharge under § 1141(d)(3) in this case was the "First date set for hearing on plan confirmation. The court will send you a notice of that date later." *Stephenson*, Notice of Chapter 11 Bankruptcy Case.[6]

---

[4] The above-signed Judge was appointed in September 2020, and the Debtor's bankruptcy case was assigned to her on September 10, 2020. The record is unclear as to under what authority the District of Columbia continued their Superior Court actions post-petition. However, the record is clear that at no point did the District of Columbia file a motion with the Court to terminate or otherwise verify an exception from the automatic stay as to their actions in the Superior Court. The Debtor has filed a Counterclaim in this matter based upon allegations of violations of the automatic stay that is not included in the present Motion. Therefore, the Court's findings herein as to post-petition Superior Court actions are without prejudice to the Counterclaim and are limited solely to the timing and specific content of the documents.

[5] Citations to the main case *In re Stephenson*, Case No. 19-00149-ELG will hereafter be referred to as "*Stephenson*, Document Title, ECF No."

[6] This docket entry has no corresponding ECF number but appears in between docket numbers 15 and 16.

On June 13, 2019, the District filed a motion to appoint a chapter 11 trustee alleging several shortcomings of the Debtor as debtor-in-possession including failing to account for monies that should have been paid to the estate, failing to establish a debtor in possession bank account, and failing to provide accurate information in his schedules. *Stephenson*, Mot. Appoint Trustee at 11-20, ECF No. 63. Further, the District alleged that the Debtor "in his two back-to-back bankruptcy cases has not been transparent, forthright, or candid." *Id*. at ¶¶ 54-60. As discussed *infra,* the District and Ms. Bower advance substantially similar arguments in the Complaints. On June 24, 2019, the Debtor filed a response to the District's motion, which generally responded to the allegations, but nevertheless indicated consent to the relief requested therein. *See* Resp. to Mot. to Appoint Trustee, ECF No. 85. The following day, on June 25, 2019, the Court issued an order appointing Marc Albert (the "Trustee") the chapter 11 trustee. *Stephenson*, Order Granting Mot. Appoint Trustee, ECF No. 86.

On November 26, 2019, the Trustee filed his *Plan of Liquidation* (the "Plan") which proposed to pay the Debtor's creditors through liquidation of all or part (as necessary), of the Debtor's real property. *Stephenson*, Plan, ECF No. 200. January 29, 2020 was set as the first date for the hearing on plan confirmation, and therefore was also the deadline to object to the Debtor's discharge under § 1141(d). *Stephenson*, Order Fixing Time for Filing Objs. to Conf. of the Trustee's Liquidating Plan, ECF No. 222. In addition to the terms and conditions of the liquidation of the Debtor's real property to pay creditors, the Plan contained provisions defining the effective date (the "Effective Date"), a no admissions clause ("Section K"), a reservation of rights clause ("Section B"), and a discharge clause (the "Discharge Clause"). *Stephenson*, Plan at 18, 21, 23, ECF No. 200. Importantly, consistent with § 1141(d)(5), the Discharge Clause did not provide for the entry of a discharge for the Debtor until entry of a subsequent court order after completion of

all payments under the Plan. *Id.* at 19.

    iii.    *Confirmation, Conversion, and the Sale of the Eastern Avenue Property*

A notice of the confirmation hearing on the Plan was served on all creditors, including Plaintiffs. *See Stephenson*, ECF Nos. 203, 204. There were no objections to the Trustee's Plan except by the Debtor, who objected to the proposed sale of all of his properties, instead seeking to retain some or all through a competing plan. *Stephenson*, Debtor's Plan of Reorganization, ECF No. 210; *Stephenson*, Debtor's Obj. to the Chapter 11 Trustee's Plan of Liquidation, ECF No. 217.[7] On January 29, 2020, a confirmation hearing was held on the Trustee's Plan (the "Confirmation Hearing") and on February 18, 2020, the Court entered an order confirming the Plan (the "Confirmation Order"), overruling the Debtor's objection, and denying confirmation of the Debtor's competing plan. *Stephenson*, Order Confirming Trustee's Plan of Liquidation, ECF No. 239.

Despite complications caused by the onset of the COVID-19 pandemic a month after entry of the Confirmation Order, by September 1, 2020 the Trustee had sold all but one of the Debtor's real properties. *Stephenson*, Trustee's Mot. Convert ¶¶ 6, 8, ECF No. 289. The sales resulted in the Trustee holding $979,611.07 after payment of secured claims, with an estimated $1,890,910.57 in claims remaining against the estate including approximately $1.4 million in administrative claims. *Id.* at ¶¶ 18, 19. The final unsold property was the property located at 10005 Eastern Avenue, Capital Heights, Maryland (the "Eastern Avenue Property"). *See id.* Under the terms of the Plan, if the proceeds from the sales of the other Properties were insufficient to pay creditors in full, then the Trustee would sell the Eastern Avenue Property to satisfy the remaining claims. *Id.*

---

[7] The District filed an objection to confirmation which the docket implies might be related to the Plan, however, the objection was to the Debtor's proposed plan and the attempted retention of the real properties by the Debtor given the Debtor's actions up to that point. *See Stephenson*, Dist. Obj., ECF No. 215.

6

at ¶ 11. Due to the outstanding balance of claims, the Trustee moved forward towards sale of the Eastern Ave Property. However, when the Trustee moved to employ realtors, the Debtor, contrary to his amended schedules, objected to the application and to any proposed sale contending that he was only a partial owner of a limited liability company that owned the Eastern Avenue Property. *See Stephenson*, Debtor's Opp'n to Appl. to Auth. Retention of Realtors ¶ 4, ECF No. 269; *Stephenson*, Am. Schedules, ECF No. 60.

While the Debtor's objection was pending, the Trustee filed a motion to convert the Debtor's case to chapter 7 after determining that the chapter 11 estate was administratively insolvent, and that any sale proceeds realized from the Eastern Avenue Property would be insufficient to pay all claimants in full as required by the Plan. *Stephenson*, Trustee's Mot. Convert, ¶ 24, ECF No. 289. On October 28, 2020, the Court issued an order converting the Debtor's case to chapter 7. *Stephenson*, Order Converting Case from Chapter 11 to Chapter 7, ECF No. 303. The Trustee was appointed chapter 7 trustee.[8] Subsequently, on December 3, 2020, the chapter 7 § 341 meeting of creditors was held, making the deadline to object to the Debtor's chapter 7 discharge February 1, 2021. *Stephenson*, Notice of Chapter 7 Bankruptcy Case, ECF No. 305; *Stephenson*, Minute Entry*[9]; Fed. R. Bankr. P. 4004(a).

After the Case was converted to chapter 7, the Debtor and the Trustee reached a compromise wherein the Debtor agreed to purchase the Eastern Avenue Property from the Trustee for $250,000 upon obtaining financing, otherwise the Trustee was authorized to sell the property pursuant to § 363. *Stephenson*, Mot. to Approve Compromise, EX. A ¶¶ 9-12, ECF No. 295-2. As such, the Debtor withdrew his objection, now claiming to be the sole member of the limited

---

[8] While the duties of a chapter 11 and chapter 7 trustee differ in many ways, none are material for this opinion and the Court shall refer to the Trustee whether during chapter 11 or chapter 7 as the "Trustee."

[9] This docket entry has no corresponding ECF number but appears in between docket numbers 327 and 328.

7

liability company that owned the Eastern Avenue Property and therefore he possessed the authority to convey one-hundred percent interest in the property. *Id*. at ¶ 16. Ultimately, the Debtor's efforts to obtain post-petition financing were unsuccessful, and the Eastern Avenue Property was sold by the Trustee pursuant to § 363 for $275,000 on February 18, 2021. *Stephenson*, Order Granting Trustee's Mot. for Authority to Sell Property Free & Clear, ECF No. 371; *Stephenson*, Chapter 7 Trustee's Report of Sale, ECF No. 381. The sale proceeds went towards paying administrative expenses of the estate but were insufficient to pay all remaining creditors in full. *Stephenson*, Trustee's Final Report, ECF No. 422.

   iv. *The Adversary Proceedings and the Debtor's Pro Bono Application*

Plaintiffs commenced their respective adversary proceedings on February 1, 2021. On May 13, 2021, the Debtor filed an *Application for Appointment of Pro Bono Counsel for Debtor in an Adversary Proceeding* (the "Pro Bono Application") and on May 21, 2021 the Pro Bono Application was approved. *Bower*, Order Appointing Counsel Pursuant to LBR 2090-4, ECF No. 11. On May 24, 2021, Ms. Bower filed her *Request for Court to Reconsider Defendant's Application for Appointment of Pro Bono Counsel and for Defendant to Disclose His Personal and Financial Status* (the "Bower Objection"). *Bower*, ECF No. 14. In the Bower Objection, Ms. Bower noted that the Debtor stated in the Pro Bono Application that there were five individuals in his family including himself and that he was paying child support despite his schedules stating that he has no dependents, similar arguments to those made in her Complaint. *Bower*, Bower Objection at 1, ECF No. 14; *Stephenson*, Am. Schedules Schedule J, ECF No. 43. On June 9, 2021, the Court held a hearing on the Pro Bono Application and Bower Objection. After determining that appointment of pro bono counsel would be a benefit to the Debtor and the Court in this matter, and for the reasons stated on the record at that hearing, the Court denied the Bower Objection. *See*

8

*Bower*, Order Resolving Request to Recons. Appointment of Pro Bono Counsel, ECF No. 22.

The Complaints of the District and Ms. Bower are similar on many elements and allegations in seeking the denial of the Debtor's discharge. Both the District and Ms. Bower seek denial of the discharge under §§ 727(a)(3) (failure to keep or preserve books or records) and (a)(4)(A) (false oath or account). *Dist.*, Compl. at 15-16, ECF No. 1.; *Bower*, Am. Compl. at 22-26, ECF No. 25. Ms. Bower argues additional grounds for denial under §§ 727(a)(2) (fraudulent transfer or concealment of property) and (a)(5) (failure to explain loss of assets or insolvency). *Bower*, Am. Compl. 22-26, ECF No. 25.[10] The Plaintiffs rely on certain pre-confirmation events to support their claims that the Debtor should be denied a discharge, including, *inter alia*, the Debtor's actions as a debtor-in-possession that ultimately led to his removal, his inconsistent statements with respect to his schedules as evidenced by the Auditor's Final Report, and the Debtor's testimony at three meetings of creditors held between April and August 2019 (collectively, the "Pre-Confirmation Actions"). *Dist.*, Compl. ¶¶ 17-31, 42, ECF No. 1; *Bower*, Am. Compl. ¶¶ 28-34, 48, 54-60, ECF No. 25; *Bower*, Opp'n at 4, ECF No. 79. In addition, Ms. Bower also points to two "post-confirmation actions" (collectively, the "Post-Confirmation Actions") to support the additional counts in her complaint: (1) the Debtor's statements pertaining to his ownership interest in the Eastern Avenue Property; and (2) the Debtor's statements about his family size made in the Pro Bono Application. *Bower*, Opp'n at 9-12, ECF No. 79.

Due to the overlapping nature of the allegations, the two Complaints have proceeded on parallel tracks in the Court. Additionally, the Debtor's Motion was a joint motion filed in both cases and was heard at a combined hearing as to both Complaints. Other than the additional causes

---

[10] Ms. Bower also alleged that the Debtor violated § 523(a)(2)(A) and (4) but both counts were dismissed. *Bower*, Order Granting Def's Partial Mot. Dismiss, ECF No. 55.

9

of action included in Ms. Bower's Complaint as specifically addressed herein, any minor differences in the Complaints are immaterial to this Opinion.

      v.      *The Debtor's Motion for Summary Judgment.*

In November 2021, after the conclusion of unrelated issues in these adversary proceedings, the Court entered a scheduling order in this matter, which order was subsequently amended on the consent motion of the parties on January 6, 2022 (the "Scheduling Order"). *Bower*, Consent Order to Extend Deadlines, ECF No. 64; *Dist.*, Consent Order to Extend Deadlines, ECF No. 44. The Scheduling Order established a discovery deadline of June 21, 2022 and a deadline for dispositive motions of August 5, 2022. *Bower*, Consent Order to Extend Deadlines at 2, ECF No. 64; *District*, Consent Order to Extend Deadlines at 2, ECF No. 44. On February 16, 2022, the Debtor filed the Motion and in response Ms. Bower and the District each timely filed separate oppositions. *Bower*, Def.'s Mot., ECF No. 70; *Bower*, Opp'n, ECF No. 79; *Dist.*, Opp'n, ECF No. 59. The Debtor filed a joint reply on April 1, 2022. *Bower*, Def.'s Reply, ECF No. 81; *Dist.*, Def.'s Reply, ECF No. 61.

The Debtor's Motion argues that he is entitled to summary judgment because the entry of the Confirmation Order and lack of any timely § 1141(d)(3) dischargeability challenge filed prior to confirmation is res judicata and, therefore, the Plaintiffs are barred from using the Pre-Confirmation Actions in this matter as evidence. *Bower*, Def.'s Mot. at 19-21, ECF No. 70; *Dist.*, Def.'s Mot. at 19-21, ECF No. 50. Further, without the Pre-Confirmation Actions, the Post-Confirmation Actions are insufficient as a matter of law to support the Plaintiffs' Complaints. *Id.* As discussed *infra*, the Debtor's statement of undisputed facts includes those relating solely to pleadings and other procedural matters in the main bankruptcy case including the filing and confirmation of the Trustee's Plan and the lack of any challenge to the Debtor's eligibility for a discharge during that process. Beyond those facts, the Debtor argues that the Court does not need

to consider the other, disputed factual matters in this case, including the non-procedural Pre-Confirmation Actions. *Bower*, Def.'s Mot. at 22-26, ECF No. 70; *Dist.*, Def.'s Mot. at 22-26, ECF No. 50. However, for purposes of his Motion as to the Post-Confirmation Actions, the Debtor does not admit the facts, but implies that even if they were accepted as true, the allegations would be insufficient to support a claim under § 727(4). *Bower*, Def.'s Mot. at 22-26, ECF No. 70; *Dist.*, Def.'s Mot. at 22-26, ECF No. 50.

In the Plaintiffs' oppositions to the Debtor's Motion, neither the District nor Ms. Bower dispute the procedural facts identified by the Debtor as undisputed in support of his Motion and instead contend that that the Debtor's reliance on the preclusive effect of the Confirmation Order is misplaced.[11] The Plaintiffs argue that because the Plan was a liquidating plan, § 1141(d)(3) would have controlled the Debtor's right to a discharge in chapter 11 if the case had not converted. Under the terms of the Plan, the Debtor's discharge would not have been granted until such time as either (1) the Debtor completed all payments under his Plan and sought entry of a discharge or (2) the Debtor's plan failed, and the Debtor did not qualify for a discharge under his Plan. In other words, either all creditors would have received 100% of their claims prior to discharge, or, upon failure of the Plan, the Debtor would not have qualified for a discharge, and the creditors' rights to challenge discharge eligibility were preserved. As such, the Plaintiffs argue that the confirmation of the plan and entry of the Confirmation Order would not have precluded an action involving § 727 upon completion of the Plan and, therefore, should not be res judicata to their Complaints herein. *See Bower*, Opp'n at 13–15, ECF No. 79; *Dist.*, Opp'n at 11–14, ECF No. 59. Alternatively, Plaintiffs argue that through Sections B and K of the Plan they reserved their rights

---

[11] Ms. Bower's opposition includes a section titled "Statement of Material Facts in Dispute," but the facts identified are all procedural in nature and the opposition does not state any facts in actual dispute for purposes of the Debtor's Motion. *Bower*, Opp'n at 1-12, ECF No. 79.

11

to bring the Complaints and because the Plan was never effective, they cannot be precluded from now asserting the Complaints. *See Bower*, Opp'n at 16–18, ECF No. 79; *Dist.*, Opp'n at 11, ECF No. 59.

The Debtor's reply argues that the Plaintiffs' reliance on Federal Rule of Bankruptcy Procedure ("FRBP") 4004 and the fact that the Plan was never effective is misguided. The deadline in the Debtor's chapter 11 for filing an objection to discharge was the first date set for a hearing on confirmation of the Plan, which passed without objection, and the Debtor claims that Plaintiffs cannot now raise a challenge under § 727 relying upon the Pre-Confirmation Actions despite the new deadline set by FRBP 4004. Specifically, because (i) there was no timely complaint filed before confirmation and (ii) the Plan contained a discharge provision, the entry of the Confirmation Order should preclude the use of the Pre-Confirmation Actions in any challenge to the Debtor's right to a discharge in chapter 7. The Debtor also asserts that neither Section B nor K limited the Confirmation Order's preclusive effect. *Bower*, Def.'s Reply, ECF No. 81; *Dist.*, Def.'s Reply, ECF No. 61. The Plaintiffs also argue that summary judgment is premature due to outstanding discovery requests. *See Bower*, Opp'n at 18, ECF No. 79; *Dist.*, Opp'n at 14, ECF No. 59; *Bower*, Def.'s Reply, Aff., ECF No. 81-2. Neither party addressed in their briefing the language of § 1141(d)(5) and the contingent nature of an individual chapter 11 discharge in a case where the Court has not ordered otherwise.

II. Jurisdiction.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P.

7052.

### III. Discussion.

a. *Summary Judgement Standard*

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material where it "might affect the outcome of the suit under the governing law," and a dispute is genuine if resolution thereof "could establish an element of a claim or defense and, therefore, affect the outcome of the action." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Celotex*, 477 U.S. at 322. When evaluating a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Evans v. Sebelius*, 716 F.3d 617, 619 (D.C. Cir. 2013).

b. *No Genuine Dispute of Material Fact as to the Pre-Confirmation Activities*

The Complaints contain significant and substantial numbers of factual allegations in support of their various causes of action seeking to deny the Debtor a discharge and fall generally into two groups: the Pre-Confirmation Actions and the Post-Confirmation Actions as defined above. Not addressing the merits of the substance of the Complaints, the Motion focuses on the impact of res judicata (if any) of the lack of the filing of a complaint in during the chapter 11 portion of the Debtor's case, and the effect of the Confirmation Order. Therefore, the facts material to the Debtor's Motion are limited in scope. With respect to the Pre-Confirmation Actions, the

material facts are all procedural in nature, are of record on this Court's Docket, and are uncontested: the Trustee filed a liquidating Plan, a notice of opportunity to object that was served on the Plaintiffs, no complaints objecting to discharge were filed, a confirmation hearing was held, the Court entered the Confirmation Order, and the Case was converted. *Stephenson*, ECF Nos. 200, 203, 237, 239, 303. Therefore, the Court finds that there are no genuine issues of material fact in this Case as to the Pre-Confirmation Actions.

    c.    *The Res Judicata Effect of the Confirmation Order on Pre-Confirmation Actions*

Under the doctrine of res judicata (or claim preclusion), "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006*)*; *see also In re Greater S.E. Cmty. Hosp. Corp.*, 333 B.R. 506, 533 (Bankr. D.D.C. 2005). "The common-law principle of res judicata, however, does not apply 'when a statutory purpose to the contrary is evident.'" *In re Witkowski*, 16 F.3d 739, 744 (7th Cir. 1994) (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991), quoting *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952)). Thus, the doctrine of res judicata does not apply if the plain language of a statute makes it clear that it does not apply. *Witkowski*, 16 F.3d at 745. As set forth below, the plain language of § 1141(d)(5) makes it is clear that res judicata does not apply in these cases.

The Debtor relies on the pre-BAPCPA[12] opinion of *Bank of Louisiana v. Pavlovich (In re Pavlovich)* in support of the preclusive nature events in the chapter 11 portion of this case on the use of the Pre-Confirmation Actions in the Complaints. *Bower*, Def.'s Mot. at 16, ECF No. 70. In

---

[12] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (codified as amended in scattered sections of 11 U.S.C.).

14

*Pavlovich*, the Fifth Circuit held that an order confirming an individual chapter 11 plan and granting the debtor their discharge was res judicata to a creditor's reliance on pre-confirmation events in a later complaint objecting to the debtor's ("Pavlovich") discharge or the dischargeability of certain debts after the case converted from chapter 11 to chapter 7. *Bank of La. v. Pavlovich (In re Pavlovich)*, 952 F.2d 114, 119 (5th Cir. 1992). The Court further held that the confirmation order was preclusive notwithstanding the finding that a new filing period for objections to the discharge commences under FRBP 4004 when a case is converted. *Id*. at 118; *see also* 11 U.S.C. § 348; Fed. R. Bankr. P. 4004, 4007. The Debtor argues that, like the Fifth Circuit, this Court should hold that the Confirmation Order is res judicata to the reliance on the Pre-Confirmation Actions in the Complaints.

Factually, this case mirrors *Pavlovich*. Like Pavlovich, the Debtor filed an individual chapter 11, a chapter 11 plan was confirmed, after confirmation the case was converted to chapter 7, and following conversion to chapter 7 a creditor filed a complaint objecting to the chapter 7 discharge. *In re Pavlovich*, 952 F.2d. at 115-16. Much like the creditor in *Pavlovich*, Ms. Bower and the District could have brought complaints based on the Pre-Confirmation Actions at or before the Confirmation Hearing. Given the similarity in facts, the Debtor urges the Court to apply the Fifth Circuit's holding and bar the Complaints by res judicata to the extent that they rely on the Pre-Confirmation Actions. However, for the reasons stated herein, the Court declines to adopt the holding from *Pavlovich* because in doing so it would ignore one crucial distinction: *Pavlovich* was decided before enactment of the modifications to the Bankruptcy Code for individual chapter 11 cases by BAPCPA, specifically the addition of § 1141(d)(5).[13]

---

[13] § 1141(d)(5), as added by BAPCPA, reads in total:

(5) In a case in which the debtor is an individual—

15

Before the addition of § 1141(d)(5) to the Bankruptcy Code, an individual debtor in chapter 11 generally received a discharge concurrently with confirmation of their plan such as was the case in *Pavlovich*. *See, e.g.*, *In re Pavlovich*, 952 F.2d. at 117 (citing 11 U.S.C. §§ 1141(d)(1) and (2)). After BAPCPA, the Bankruptcy Code now states that absent a court order otherwise, an individual chapter 11 debtor may not receive a discharge until completion of all payments under the plan. 11 U.S.C. § 1141(d)(5). It is this drastic and fundamental change to the timing of an individual debtor's chapter 11 discharge—from immediate and finite pre-BAPCPA to delayed and contingent post-BAPCPA—where the Debtor's argument fails.

While the *Pavlovich* court did recognize the general rule that plan confirmation has res judicata effect on issues determined at confirmation, it was not subject to the limitations of § 1141(d)(5) as to an individual debtor's discharge. *See id*. at 117, 118. The *Pavlovich* decision was based upon the applicable Bankruptcy Code sections at the time, § 1141(d)(1) – the section under which Pavlovich achieved his discharge – and § 1144, neither of which contained any language impacting the immediate entry of discharge for an individual debtor. *Id*. at 118 (explaining that in cases where the debtor has confirmed a plan of reorganization and subsequently

---

(A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
(B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—
  (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
  (ii) modification of the plan under section 1127 is not practicable; and
  (iii) subparagraph (C) permits the court to grant a discharge; and
(C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
  (i) section 522(q)(1) may be applicable to the debtor; and
  (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
and if the requirements of subparagraph (A) or (B) are met.

converts to chapter 7 "§§ 1141(d)(1) and 1144 statutorily preclude the [creditor's] complaints to the extent that they are based on events and actions pre-dating Pavlovich's confirmation."). The *Pavlovich* court found that "[n]othing in the statutory provisions dealing with plan confirmation suggests that, once the process leading to confirmation is complete, post-confirmation events other than a § 1144 revocation order or an appellate court order will mar its *res judicata* impact upon the parties bound by the plan." *In re Pavlovich*, 952 F.2d. at 118. Hence, the creditor "was bound by the plan with respect to its resolution of Pavlovich's pre-petition obligations and any discharge or dischargeability issues the bank could have raised before the date of confirmation." *Id.* The addition of § 1141(d)(5) by BAPCPA creates a significant and material distinction in the statutory provisions dealing with the impact of plan confirmation in individual chapter 11 cases not present in *Pavlovich* – the delayed and conditional nature of an individual debtor's discharge pending completion of plan payments and further court order on discharge.

Post-BAPCPA, individual chapter 11 debtors are only discharged when "the court grants a discharge on completion of all payments under the plan" making the discharge both contingent and delayed. 11 U.S.C. § 1141(d)(5). Whereas pre-BAPCPA, unless ordered otherwise, an individual chapter 11 debtor's discharge was automatic and entered concurrently upon plan confirmation. Stated differently, post-BAPCPA, statutory framework establishing plan confirmation and the individual chapter 11 discharge is materially different from that considered by the Fifth Circuit in *Pavlovich*. In *Pavlovich*, confirmation of the plan clearly gave finality to the Debtor's discharge because he was discharged upon confirmation. Therefore, in that situation, the res judicata impact of confirmation and the concurrent entry of discharge absent a § 1144 motion or appellate court order was clear.

However, that is not the question in this case and under the current language of the

17

Bankruptcy Code. The Debtor was not discharged in this chapter 11 case upon confirmation of the chapter 11 trustee's liquidating plan. Thus, there is no need or factual basis to move under § 1144 for revocation of a confirmation order to void a discharge, nor would there be a basis to appeal the confirmation order because an order of discharge was never entered. The Confirmation Order solely held that if the Debtor met a number of future conditions, including 100% payment to creditors, he would be entitled to seek entry of a discharge under § 1141(d)(5) and then defined the terms of such discharge. *See Stephenson*, Confirmation Order, ECF No. 239; Plan at 19-20, ECF No. 200. Furthermore, nothing in the Plan prohibited or otherwise limited a party's ability to contest the entry of such discharge upon the Debtor's request for entry of a discharge as required by § 1141(d)(5). Plan confirmation for an individual debtor in chapter 11 is merely one requirement towards that debtor's eligibility for a discharge, which remains contingent long past entry of the confirmation order. Giving an individual debtor's chapter 11 confirmation order res judicata effect as to this Debtor's eligibility for a chapter 7 discharge is inappropriate and inconsistent with § 1141(d)(5). Therefore, the Court finds that the Confirmation Order in this case does not have any res judicata effect as to the reliance on the Pre-Confirmation Actions in the Complaints.

Alternatively, the Debtor's argument also fails because the Confirmation Order was not a final order with respect to Debtor's eligibility for entry of a discharge, thereby failing the third element of res judicata. A condition precedent to the Debtor obtaining a discharge was that he had to meet all of the terms of the Plan, including making all payments thereunder, and then subsequently move the Court for entry of his discharge. Only after each of those conditions could a final order be entered as to the Debtor's eligibility for a discharge. While the general rule is that all claims that could have been brought at plan confirmation are res judicata and stems from the

need for finality and establishing a place for litigation to end, the language of § 1141(d)(5) specifically modifies that rule in individual chapter 11 cases. *See Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 153 (2009) (citing *Stoll v. Gottlieb,* 305 U.S. 165, 174 (1938)); *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Post-BAPCPA, the language of the Bankruptcy Code establishes that the question of an individual debtor's right to discharge to does not end until a request for entry under § 1141(d)(5) is adjudicated, not at plan confirmation. The Confirmation Order was not a final order as to the Debtor's eligibility for entry of a discharge and cannot have res judicata effect as to the reliance on the Pre-Confirmation Actions in the Complaints.

The Court's reasoning herein is consistent with the only other court to discuss the issue of the right of a party to file a post-confirmation objection to discharge in an individual chapter 11 case post-BAPCPA. In *In re Ballas*, the Bankruptcy Court for the Southern District of Florida, recognized that "[t]he right of a party in interest to object to entry of discharge under Section 1141(d)(5) is preserved post-confirmation until such time as the court is asked to grant a discharge for a debtor who is an individual." *In re Ballas*, No. 09-12545, 2012 Bankr. LEXIS 1156, at *11-12 (Bankr. S.D. Fla. Mar. 16, 2012). The *Ballas* Court further found that FRBP 4004(a) "does not govern objections to the discharge" under § 1141(d)(5) because § 1141(d)(5) "necessarily operates long after confirmation of the plan" after completion of plan payments. *Id*.

Moreover, nothing in the language of the Plan, including Sections B and K changes this outcome. Under the Plan, the Debtor would have been discharged under § 1141 only after all plan payments were made and a further motion for entry of discharge was filed and adjudicated by the Court. *See Stephenson*, Plan at 20, ECF No. 200. Because the Court finds that the res judicata is inapplicable to the introduction of the Pre-Confirmation Activities in this case, the Court does not need reach the Plaintiff's arguments concerning Sections B and K and the Effective Date.

Therefore, for the reasons stated above, the Confirmation Order is not res judicata as to the Plaintiffs' reliance on the Pre-Confirmation Actions in the Complaints and the Defendant's Motion for summary judgment must be denied.

d.  *Genuine Issue of Material Facts as to the Post-Confirmation Activities*

The Debtor's Motion relies upon the exclusion of the Pre-Confirmation Actions in his argument that the Post-Confirmation Actions are not sufficient to state a claim under § 727(a)(4). *Bower*, Def.'s Reply at 20, ECF No. 81. However, based upon the Court's finding that the Confirmation Order is not res judicata as to the Pre-Confirmation Actions, there is a genuine issue of material fact as to Ms. Bower's claims under § 727(a)(4), and the Debtor's Motion must be denied.

## Conclusion

For the reasons stated, it hereby ORDERED that the Debtor's Motion is DENIED. The Court's previous Scheduling Orders is VACATED, and the Parties are instructed to submit an amended scheduling order no later than five days after this order becomes a final order.

[Signed and dated above]

Service to: Debtor; recipients of electronic notices.