The order below is hereby signed.

Signed: September 22 2023



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | Case No. 19-00149-ELG |
| **THOMAS K STEPHENSON,**<br>Debtor. | Chapter 7 |
| **DISTRICT OF COLUMBIA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS K STEPHENSON,**<br>Defendant. | Adv. Pro. 21-10002-ELG |
| **KAREN A. BOWER,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS K STEPHENSON,**<br>Defendant. | Adv. Pro. 21-10003-ELG |

1

## **MEMORANDUM DECISION**

The Court has before it the *Defendant's Motion to Reconsider Order Denying Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment* (the "Motion for Reconsideration") (ECF No. 88) seeking reconsideration of the Court's December 12, 2022, *Memorandum Decision* and *Order* (together, the "Opinion")[1] denying Debtor-Defendant Thomas K. Stephenson's (the "Defendant") *Motion for Summary Judgment or Partial Summary Judgement* (the "Motion for Summary Judgment") (ECF No. 70).[2] On March 8, 2023 the Court held a hearing (the "Hearing") on the Motion for Reconsideration and the responses and replies thereto. At the conclusion of the Hearing, the Court issued an oral ruling (i) granting the Defendant's request for a hearing on reconsideration and (ii) denying the remainder of Defendant's request for reconsideration. This Memorandum Decision memorializes the Court's ruling at the Hearing.[3]

### I.    Relevant Background[4]

The Defendant filed a voluntary chapter 11 petition on February 1, 2021. Chapter 11 Vol. Pet., *In re Stephenson*, No. 19-00149-ELG, ECF No. 1.[5] During the pendency of the chapter 11 case, a chapter 11 trustee was appointed, a liquidating plan projected to pay out 100 cents on the dollar confirmed,[6] and most of the Defendant's real properties were liquidated. Under the terms of

---

[1] *Dist. of Columbia v. Stephenson (In re Stephenson)*, 647 B.R. 256, 258 (Bankr. D.D.C. 2022).

[2] Citations to the docket for adversary proceeding No. 21-10003-ELG will be referred to as "document title, *Bower*, ECF No." Citations to the docket for adversary proceeding No. 21-10002-ELG will be referred to as "document title, *Dist.*, ECF No." Since the Motion for Reconsideration, the Objections and subsequent Reply thereto were filed in both proceedings, citations will be to the *Bower* docket.

[3] If there is any conflict between this Order and the Court's oral findings, this Order shall govern.

[4] This Order presumes a familiarity with the Courts original opinion and only recites additional facts relevant to the discussion herein. For a more robust discussion of the facts of this case, see the Opinion. *In re Stepheson*, 647 B.R. 256 (Bankr. D.D.C. 2022).

[5] Citations to the main case *In re Stephenson*, No. 19-00149-ELG will hereafter be referred to as "Document Title, *Stephenson*, ECF No."

[6] Chapter 11 Trustee's Plan of Liquidation, *Stephenson*, ECF No. 200 (the "Plan"); Order Confirming Trustee's Plan of Liquidation, *Stephenson*, ECF No. 239 (the "Confirmation Order").

2

the confirmed Plan, the Effective Date would not occur until all claims were paid in full.[7] Further, the Defendant would not be entitled receive a discharge until all payments under the Plan had been made. Plan at 19–20, *Stephenson*, ECF No. 200. Neither the Confirmation Order nor the Plan made findings as to the merits of the Defendant's eligibility for a discharge. *See id.*; Confirmation Order, *Stephenson*, ECF No. 239. However, prior to the Effective Date, upon a determination by the chapter 11 trustee that there were insufficient assets to pay creditors in full, the case was converted to chapter 7. Order Converting Case from Chapter 11 to Chapter 7, *Stephenson*, ECF No. 303.

After conversion, the chapter 7 § 341 meeting of creditors[8] was held on December 3, 2020, and the deadline to object to the Defendant's chapter 7 discharge was February 1, 2021. Notice of Chapter 7 Bankruptcy Case, *Stephenson*, ECF No. 305; Minute Entry,[9] *Stephenson*; Fed. R. Bankr. P. 4004(a). On February 1, 2021, the Plaintiffs each commenced an adversary proceeding seeking to deny the Defendant a discharge under § 727. *See* Compl., *Bower*, ECF No. 1;[10] Compl., *Dist.*,

---

[7] The Effective Date is defined in the plan as:

> The Effective Date will be the first Business Day after the following conditions have been satisfied:
> 1. Fourteen (14) days have passed since the Confirmation Date;
> 2. The Confirmation Order is not stayed;
> 3. The Confirmation Order authorizes the sale of the Apartment Properties free and clear of all liens and interests;
> 4. The sale of the Apartment Properties has closed;
> 5. The Trustee has determined that the Sale Proceeds from the Apartment Properties are sufficient to pay all claims against the Estate in full, or in the event that the Trustee deems it necessary to satisfy Claims against the Estate, the sale of the Eastern Ave. Property has closed; and
> 6. The Trustee has filed a notice with the Bankruptcy Court that the Effective Date has occurred.

Plan Article X(B) at 21, *Stephenson*, ECF No. 200. Although the Plan does provide for waiver of any of the six provisions in X(B), "The failure to satisfy or waive any condition to the Effective Date may be asserted by the Trustee as a basis to not consummate this Plan regardless of the circumstances giving rise to the failure of such condition to be satisfied." *Id.* at Article (X)(C) at 21.

[8] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[9] This docket entry has no corresponding ECF number but appears in between docket numbers 327 and 328.

[10] The Complaint filed by Bower also included claims under §§ 523(a)(2)(A) and (4), which were dismissed in the *Order Granting Defendant's Partial Motion to Dismiss*. *Bower*, ECF No. 55.

3

ECF No. 1 (together, the "Complaints"). In support of the causes of action pled in the Complaints, the Plaintiffs rely on both pre and postpetition conduct of the Defendant. *See* Compl., *Bower*, ECF No. 1; Compl., *Dist.*, ECF No. 1. On February 16, 2022, the Defendant moved for summary judgment contending that the Plaintiffs were barred from relying on the pre-confirmation (encompassing both pre and postpetition) conduct due to the res judicata effect of the Confirmation Order as to the Defendant's eligibility to a discharge. The Defendant further argued that absent consideration of pre-confirmation events, there was insufficient post-confirmation conduct to support the alleged causes of action as a matter of law. *See* Mot. Summ. J., *Bower*, ECF No. 70.

On December 12, 2022, the Court issued its Opinion denying the Motion for Summary Judgment, finding that after enactment of BAPCPA, in an individual chapter 11 case, entry of a confirmation order is not necessarily res judicata with respect to the Defendant's eligibility for a discharge due to § 1145(d)(5). *See In re Stephenson*, 647 B.R. at 258. The Defendant timely filed for reconsideration based upon Civil Rule 59(e) made applicable through Bankruptcy Rule 9023. Mot. Recons. at 2, *Bower*, ECF No. 88. At the Hearing, the Court granted the Motion for Reconsideration in part to allow argument on the legal issue, but the remainder of the Motion was denied on the merits after argument.

## II.     Analysis

### a.     *Reconsideration*

The Opinion denying the Motion for Summary Judgment is an interlocutory order. *See Public Citizen v. United States Dist. Court for D.C.*, 486 F.3d 1342, 1345 (D.C. Cir. 2007) ("A denial of a motion for summary judgment typically is not a final order, so it is ordinarily not appealable.") (citations omitted). The standard for granting reconsideration of interlocutory orders is different than final orders. *United States v. Slough*, 61 F. Supp. 3d 103, 107–08 (D.D.C. 2014).

4

Courts have held that relief under Civil Rule 59(e) is available for interlocutory orders "as justice requires," including situations when the court "has made a decision outside the adversarial issues presented to the Court by the parties." *Slough*, 61 F. Supp. 3d at 108 (quoting *United States v. Coughlin*, 821 F. Supp. 2d 8, 18 (D.D.C. 2011) and quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

As noted in the Opinion, in the briefing and argument on the Motion for Summary Judgment the parties did not address the impact of § 1141(d)(5) on an individual chapter 11 Defendant's right to a discharge. Because the Opinion was based upon a statutory analysis and the addition of § 1141(d)(5), the Court grants reconsideration for the purpose of allowing the parties to argue the issues of the Court's interpretation of § 1141(d)(5). The Court now turns to the merits of those arguments.

   b. *§ 1141(d)(5) and Discharge*

The question on reconsideration is whether the Court erred in finding that:

> Post-BAPCPA, the language of the Bankruptcy Code establishes that the question of an individual debtor's right to discharge to does not end until a request for entry under § 1141(d)(5) is adjudicated, not at plan confirmation. The Confirmation Order was not a final order as to the Debtor's eligibility for entry of a discharge and cannot have res judicata effect as to the reliance on the Pre-Confirmation Actions in the Complaints and that Plan confirmation for an individual debtor in chapter 11 is merely one requirement towards that debtor's eligibility for discharge, which remains contingent long past entry of the confirmation order.

*Dist. of Columbia v. Stephenson (In re Stephenson)*, 647 B.R. 256, 267 (Bankr. D.D.C. 2022). The Defendant argues that the Opinion failed to consider the Congressional intent to have § 1141(d)(5) reflect chapter 13 practice in individual chapter 11 cases and erred when finding that the enactment of § 1141(d)(5) altered the application of res judicata with respect to pre-confirmation conduct in a post-conversion discharge challenge. At the Hearing, the Defendant further argued that the Court's interpretation of the language in § 1141(d)(5)(A) was too broad, and the "cause" therein

5

is limited solely to the payment of all plan payments and the two enumerated exceptions to discharge found § 1141(d)(5)(C)(i-ii). Tr. Hr'g March 8, 2023 5:2–4, *Bower*, ECF No. 100. The Court will address each of these arguments in turn.

### i. *Chapter 13 Practice is Not Controlling*

The Defendant argues that the Opinion makes a mistake of law by not applying a similar discharge standard to an individual chapter 11 case as those in a chapter 13 case. *See* Mot. Recons. at 6, *Bower*, ECF No. 88. The Court agrees with the Defendant that the addition of § 1141(d)(5) to individual chapter 11 cases was intended to conform individual chapter 11 practice to be similar to chapter 13 cases, specifically to modify chapter 11 so that individual debtors generally do not receive a discharge until completion of plan payments instead of the pre-BACPA practice of discharge upon confirmation. *In re Draiman*, 450 B.R. 777, 823 (Bankr. N.D. Il. 2011) (citing *In re Beyer*, 433 B.R. 884, 887 (Bankr. M.D. Fla. 2009)). However, despite their similarities, the processes for discharge in a chapter 13 and individual chapter 11 case are not the same and must be addressed within the context of their applicable chapter.

A chapter 13 confirmation order has res judicata effect only as to matters "it actually addresses" on the merits. *See, e.g.*, *LVNV Funding, LLC v. Harling (In re Harling)*, 852 F.3d 367, 372 (4th Cir. 2017); *see also* 11 U.S.C. § 1327(a). The confirmation order is not res judicata as to matters that can be later adjudicated under a separate process, procedure, and timing, such as objections to proofs of claim provided for in the plan. *See Harling*, 852 F.3d at 374. The same is true for the eligibility of an individual chapter 11 debtor to receive a discharge. Section 1141(d)(5) adds a separate process from plan confirmation, both in timing and procedure, for the entry of discharge. 11 U.S.C. § 1141(d)(5)(A). Thus, this Court could not fully address the Defendant's eligibility for a discharge at chapter 11 plan confirmation, it merely set forth the roadmap by which

6

the Defendant would complete the pre-requisite to discharge—completion of all payments under the plan. Plan confirmation under § 1129 and entry of discharge under § 1141 are separate processes and if the Court adopted the Defendant's argument that confirmation is nevertheless determinative as to eligibility for a discharge, the result would be to read § 1141(d)(5) out of the Bankruptcy Code.

The Defendant cites several cases for the proposition that a court has no discretion to deny a discharge to a chapter 13 debtor after completion of plan payments under a confirmed plan and, as such, the confirmation order is res judicata as to discharge eligibility. *See* Mot. Recons. at 8–9, *Bower*, ECF No. 88.[11] In each of the cases cited by the Defendant, the debtors had completed all payments "under the plan" and thus, under § 1328, were entitled to a discharge. *See Frank*, 638 B.R. at 471; *Forbes*, 218 B.R. at 50; *Davis*, 594 B.R. at 778. However, even such right is not absolute. Defendants who have postpetition domestic support obligations and do not make all such payments are not entitled to a discharge, even if they have made all "payments under [their] plan." *See* 11 U.S.C. § 1328(a). In chapter 13, there is no exception for "cause" as found in § 1141(d)(5), but a debtor's right to a discharge is not as entirely absolute as the Defendant argues. The conditions to discharge in an individual chapter 11 may be more onerous than those for a chapter

---

[11] *Citing Davis v. Holman (In re Holman)*, 594 B.R. 769, 778 (D. Kan. 2018), *In re Forbes*, 218 B.R. 48, 50 (B.A.P. 8th Cir. 1998), and *In re Frank*, 638 B.R. 463, 471 (Bankr. D. Colo. 2022); *but see Kinney v. HSBC Bank USA, N.A. (In re Kinney)*, 5 F.4th 1136, 1144-45 (10th Cir. 2021) (affirming dismissal of a debtor's case in which postpetition mortgage "payments under the plan" were not made during the five-year plan period); *Kessler v. Wilson (In re Kessler)*, 655 Fed. Appx. 242, 244 (5th Cir. 2016) (holding that postpetition mortgage payments that were being made directly were "payments under the plan" that had to be paid in order to receive discharge); *Derham-Burk v. Mrdutt (In re Mrdutt)*, 600 B.R. 72, 81 (B.A.P. 9th Cir. 2019) ("we join the overwhelming majority of courts holding that a chapter 13 debtor's direct payments to creditors, if provided for in the plan, are 'payments under the plan' for purposes of a discharge under § 1328(a)"); *In re Thornton*, 572 B.R. 738, 740 (Bankr. W.D. Mo. 2017) (same); *Evans v. Stackhouse (In re Evans)*, 564 B.R. 513, 525-28 (E.D. Va. 2017) (same); *In re Coughlin*, 568 B.R. 461 (Bankr. E.D. N.Y. 2017) (same); *In re Hanley*, 575 B.R. 207, 218-19 (Bankr. E.D.N.Y. 2017) (same); *In re Evans*, 543 B.R. 213 (Bankr. E.D. Va. 2016) (same); *In re Doggett*, 2015 Bankr. LEXIS 2220, 2015 WL 4099806 at *3 (Bankr. D. Colo. July 6, 2015) ("All courts that have examined the question of whether payments required to be made directly to creditors under a confirmed chapter 13 plan are 'payments under the plan,' as that term is used in § 1328(a), have answered the question in the affirmative.")

13 debtor, but neither is absolute solely based upon confirmation of the applicable plan.

### ii.  *Res Judicata Effect of Plan Confirmation*

At the Hearing, the Defendant mischaracterized the Court's previous holding, asserting that the Opinion could be read to find that confirmation orders in individual chapter 11 cases are not res judicata *on any point*. This misstates the Court's finding. The Opinion and this Order do not address issues or questions that are actually addressed in a confirmation order. Rather, the Opinion and this Order address an individual chapter 11 debtor's right to a discharge when the merits of which were not actually dealt with in a confirmation order and could not be fully determined until all plan payments were completed and a debtor files a motion consistent with § 1141(d)(5). Contrary to the Defendant's argument, the Court's interpretation of § 1141(d)(5) is entirely consistent with prior authority holding that a confirmation order can have res judicata effect as to matters that were determined on the merits (i.e., actually litigated) at plan confirmation. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 174 (1938)); *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Prior to BAPCPA, the right to an individual chapter 11 debtor's discharge was determined (litigated) at plan confirmation, but the addition of § 1141(d)(5) specifically made the right to a discharge contingent at the time of confirmation and subject to future litigation. *In re Ballas*, No. 09-12545, 2012 Bankr. LEXIS 1156 at *12, 2012 WL 930259 at *4 (Bankr. S.D. Fla. Mar. 16, 2012) ("The right of a party in interest to object to entry of discharge under Section 1141(d)(5) is preserved post-confirmation until such time as the court is asked to grant a discharge for a debtor who is an individual.").

The Court's conclusion is supported by Bankruptcy Rule 1019(2)(A). When a chapter 11, chapter 12, or chapter 13 case is converted or reconverted to chapter 7, Bankruptcy Rule 1019 provides a new filing period for objections to discharge. Fed. R. Bankr. P. 1019(2)(A). The

8

Bankruptcy Rule specifically directs that a new filing period for both discharge objections and dischargeability claims commences once a chapter 11 case is converted to chapter 7, subject to an exception that prevents parties from getting a second bite at the apple when a case converts from chapter 7 to chapter 11 and then back to chapter 7. This provision must be read in conjunction with Bankruptcy Rule 4004, which states that in a "chapter 11 case, the complaint [objecting to discharge] shall be filed no later than the first date set for the hearing on confirmation." Fed. R. Bankr. P. 4004. Noticeably absent from Bankruptcy Rule 1019, however, is any limitation of the new objection period solely to *pre*-confirmation chapter 11 cases that convert to chapter 7 – the new objection period is available in both pre- and post-confirmation converted cases without distinction. This right is particularly important in cases such as the instant case where a creditor expects to be paid in full (and thus not have a need to litigate the question of discharge at confirmation) and the case is later converted to chapter 7 with little or no distribution to unsecured creditors.

      iii.     In re Pavlovich *Is Not Controlling*

Once again, the Defendant urges this Court to adopt the holding of the pre-BAPCPA opinion in the Fifth Circuit case of *Pavlovich*. *Bank of La. v. Pavlovich (In re Pavlovich)*, 952 F.2d 114 (5th Cir. 1992). As noted in the Opinion, in *Pavlovich* the individual debtor's absolute right to a discharge was not just incorporated as part of the code, but actually determined at confirmation. The Fifth Circuit, in reviewing the relevant Bankruptcy Code of chapter 11 at the time found that "[n]othing in the statutory provisions dealing with plan confirmation suggest that, once the process leading to confirmation is complete, post-confirmation events other than a § 1144 revocation order or an appellate court order mar its res judicata impact upon the parties bound by the plan." *Pavlovich*, 952 F.2d at 118. But, as explained more fully in the Opinion, *Pavlovich* is

9

distinguishable both on its facts and on the applicable law. The Court held in *Stephenson,* and continues to hold that:

> Post-BAPCPA, individual chapter 11 debtors are only discharged when "the court grants a discharge on completion of all payments under the plan" making the discharge both contingent and delayed. 11 U.S.C. § 1141(d)(5). Whereas pre-BAPCPA, unless ordered otherwise, an individual chapter 11 debtor's discharge was automatic and entered concurrently upon plan confirmation. Stated differently, post-BAPCPA, statutory framework establishing plan confirmation and the individual chapter 11 discharge is materially different from that considered by the Fifth Circuit in *Pavlovich*. In *Pavlovich*, confirmation of the plan clearly gave finality to the Debtor's discharge because he was discharged upon confirmation. Therefore, in that situation, the res judicata impact of confirmation and the concurrent entry of discharge absent a § 1144 motion or appellate court order was clear.

*Dist. of Columbia v. Stephenson (In re Stephenson)*, 647 B.R. 256, 267 (Bankr. D.D.C. 2022). Nothing in the Defendant's briefs or argument at the Hearing causes the Court to modify its previous holding on this issue.

        iv.    *The Defendant's Reading of "Cause" Is Too Narrow*

The Defendant's final argument is that "cause" in § 1141(d)(5)(A) is limited solely to the enumerated limited situations in § 1141(d)(5)(C). However, the Defendant's argument ignores the hanging clause at the end of § 1141(d)(5)(C), which clearly establishes that an individual chapter 11 debtor must meet the requirements subsection (C) *and* those of (A) or (B). 11 U.S.C. § 1141(d)(5)(C).[12] Stated otherwise, § 1141(d)(5) is written in the conjunctive, such that the Court

---

[12] § 1141(d)(5), as added by BAPCPA, reads in total (emphasis added):

> (d) (5)    In a case in which the debtor is an individual—
> (A)    unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
> (B)    at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—
>     (i)    the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;

10

may grant a discharge after notice and a hearing once either (i) all plan payments have been made (§ 1141(d)(5)(A)), or (ii) the Defendant is eligible for an early discharge (§ 1141(d)(5)(B)), and, if (i) or (ii) are met, it also finds that § 522(q) is not applicable (§ 1141(d)(5)(C)). *See* 11 U.S.C. § 1141(d)(5). Thus, as the Court held in the Opinion, even if an individual chapter 11 debtor might be eligible for a discharge, a discharge cannot be granted until such debtor moves, with notice and an opportunity for a hearing, for entry of a discharge and proves their eligibility. *In re Stephenson*, 647 B.R. at 268; *see also* 11 U.S.C. § 1141(d)(5)(A).[13] As this Court held, cause is not defined or limited in § 1141, and while § 1141(d)(5)(C) states one reason a discharge may or may not be granted, it does not limit the Court from considering any other cause.

### III.    Conclusion

Therefore, it hereby ORDERED that the Defendant's Motion for Reconsideration is GRANTED, in part, to allow for argument on the Court's interpretation of § 1141(d)(5). Upon consideration of the argument, the balance of the Defendant's Motion for Reconsideration is DENIED for the reasons set forth herein.

[Signed and dated above.]

Service to: Defendant; recipients of electronic notices.

---

      (ii)    modification of the plan under section 1127 is not practicable; and
      (iii)   subparagraph (C) permits the court to grant a discharge; and
(C)    the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
      (i)    section 522(q)(1) may be applicable to the debtor; and
      (ii)   there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
*and if the requirements of subparagraph (A) or (B) are met.*

[13] In addition, just like in chapter 13, an individual chapter 11 debtor must also certify that all postpetition domestic support payments are made in order to be eligible for discharge. However, this requirement is built specifically into the chapter 11 plan confirmation process at § 1129(a)(14). Thus, if an individual debtor has not made all postpetition support payments, that debtor has not made all payments "under the plan," and would not be able to establish eligibility to a discharge. § 1141(d)(5).